**Keith A. BROWN, Plaintiff—Appellant,**

v.

**William SLAUGHTER; et al., Defendants—Appellees.**

No. 02–36116.

D.C. No. CV–02–00096–DWM(LBE).

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly,

McClain's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted June 9, 2003.*

Decided June 18, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Keith A. Brown, a Montana state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915 for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we affirm.

Brown alleged that defendants violated his right to due process by failing to deliver a typewriter he had purchased. The district court properly dismissed the action because negligent deprivation of a prisoner's property is not actionable as a due process violation under section 1983, *see Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and intentional deprivation fails to state a due process claim where, as here, the state provides an adequate post-deprivation remedy, *see* Mont.Code Ann. § 2–9–101(1); *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir.1994) (per curiam).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.